IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 FEB 28 P 1:37

CLERK C. Robinson
SO. DIST. OF GA.

SEAN BRANHAM,

    Petitioner,

vs. : CIVIL ACTION NO.: CV212-184

WARDEN, FCI Jesup,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Sean Branham ("Branham"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Branham filed a Traverse. For the reasons which follow, Branham's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Branham was convicted in the Eastern District of Pennsylvania, after a jury trial, of: two (2) counts of assaulting a United States Postal Service employee, in violation of 18 U.S.C. § 111; and two (2) counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Branham was determined to be a career offender under § 4B1.1 of the United States Sentencing Guidelines and was sentenced to 244 months' imprisonment. (Doc. No. 8, pp. 2-3). Branham and the Government appealed, and the Third Circuit Court of Appeals remanded the case for resentencing.

See United States v. Branham, 85 F.3d 613 (3d Cir. 1996). Branham was resentenced to 400 months' imprisonment. The Third Circuit affirmed this sentence. United States v. Branham, 111 F.3d 127 (3d Cir. 1997).

Branham filed a section 2241 petition in which he asserted that his trial counsel was ineffective, which rendered his conviction invalid. The district court determined that Branham's claims should have been brought pursuant to 28 U.S.C. § 2255, and the statute of limitations period had already expired. (Doc. Nos. 8-2, 8-3).

Branham then filed a motion pursuant to 28 U.S.C. § 2255. Branham asserted that he was sentenced improperly as a career offender because one of his prior convictions for simple assault did not qualify as a crime of violence. Branham later was appointed counsel, who amended Branham's motion. Branham's counsel alleged several instances of ineffective assistance of trial and sentencing counsel and that Branham's simple assault conviction was not a crime of violence pursuant to Begay v. United States, 553 U.S. 137 (2008). The district court dismissed this motion as untimely filed and alternatively found that the simple assault conviction qualified as a crime of violence under Begay and Johnson v. United States, 559 U.S. 133 (2010). (Doc. No. 8-6).

In this petition, Branham contends that his sentence exceeds the statutory maximum, which was three (3) years' imprisonment at the time of his conviction. Branham also contends that his conviction and sentence violate the double jeopardy clause because he was convicted of duplicate offenses resulting in multiple punishments for the same offense. Branham asserts that his consecutive sentence is illegal under United States v. Abbott, ___ U.S. ___, 131 S. Ct. 18 (2010). Branham

AO 72A
(Rev. 8/82)

alleges that his trial counsel was ineffective because he had a conflict of interest and his counsel did not investigate the possibility of a plea agreement. Finally, Branham alleges that the trial court lacked jurisdiction over him. (Doc. No. 1-2). Respondent contends that Branham has not satisfied the savings clause and cannot bring his claims pursuant to § 2241.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Branham has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Branham asserts that section 2255 is ineffective or

AO 72A
(Rev. 8/82)

inadequate to test the legality of his continued detention "because Begay . . ., interpreting the term 'violent felony' did not state a new rule of constitutional law, as such the inability to challenge his sentence via Section 2255 left Petitioner without an avenue to challenge his conviction and sentence where as (sic) here Petitioner was incorrectly classified as a career criminal." (Doc. No. 1-2, p. 2). Branham also asserts that section 2255 is ineffective or inadequate when "a legal theory could not have been presented under section 2255 establishes the petitioner's actual innocence." (Id. at pp. 2-3).[1]

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

---

[1] The Third Circuit has determined that a simple assault conviction under Pennsylvania statute 18 PA. CONS. STAT. § 2701 (a misdemeanor) can constitute a crime of violence within the meaning of the career offender provision of the Sentencing Guidelines, § 4B1.1. United States v. Marrero, 677 F.3d 155 (3d Cir. 2012) (citing United States v. Johnson, 587 F.3d 203 (3d Cir. 2009)).

4

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

In Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), the Eleventh Circuit majority determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[2] 640 F.3d at 1312. "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

Branham was sentenced on each of his two (2) convictions under 18 U.S.C. § 111 to 100 months' imprisonment, to be served concurrently. The statutory maximum applicable to this offense was ten (10) years' imprisonment, as bodily injury resulted. 18 U.S.C. § 111(b) (West 1994). As for Branham's two (2) convictions under 18 U.S.C. §

---

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

AO 72A
(Rev. 8/82)

924(c), the statutory maximum sentences were five (5) years' imprisonment on the first count and twenty (20) years' imprisonment on the second count, to be served consecutively to any other sentence. 18 U.S.C. § 924(c)(1) (West 1994). Branham's 400-month sentence does not exceed the statutory maximum sentences applicable to his offenses and convictions.

In Abbott, the Supreme Court held "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." ___ U.S. at ___, 131 S. Ct. at 23. "Under the 'except' clause [of section 924(c)] as we comprehend it, a § 924(c) offender is not subject to stacked sentences for violating § 924(c)." Id. "He is, however, subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." Id. This case is inapplicable to Branham, as the other statute for which he was convicted, 18 U.S.C. § 111, did not have a mandatory minimum punishment. 18 U.S.C. § 111 (West 1994).[3]

Even if Branham's claims were based on a retroactively applicable Supreme Court decision, he has not shown that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Branham raised these claims in his previous habeas corpus pleadings. Simply because Branham's claims were denied on these previous occasions does not mean that section 2255's remedy is inadequate or ineffective.

---

[3] Even if Abbott were applicable to Branham's claims and it satisfied the savings clause, Branham likely would not be entitled to relief under section 2255. Abbott was decided on November 15, 2010, and Branham filed his petition on November 16, 2012. 28 U.S.C. § 2255(f). A section 2255 motion would be untimely.

AO 72A
(Rev. 8/82)

Branham has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Branham has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Branham cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Branham is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Branham's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE